## David LUCAS, Willie Davis, Jr., Connie Cater, Corlis McKenzie, and Ronnie T. Miley, Plaintiffs–Appellants,

### v.

## Judy TOWNSEND, in her official capacity as President of the Board of Education, Bibb County Board of Education, Emory Greene, in his official capacity as Chairman of the Bibb County Board of Commissioners, Bibb County Board of Commissioners, A.B. "Tony" Caldwell, in his official capaci-

---

ty as Chairman of the Macon–Bibb County Board of Elections, Macon–Bibb County Board of Elections, Bernard Fletcher, in his official capacity as Supt., Macon–Bibb County Board of Elections, Defendants–Appellees.

No. 89–8556.

United States Court of Appeals, Eleventh Circuit.

Sept. 12, 1991.

Neil Bradley, Kathleen Wilde, American Civ. Liberties Union Foundation, Inc., Atlanta, Ga., for plaintiffs-appellants.

W. Warren Plowden, Jr., Jones, Cork & Miller, Craig N. Cowart, Edward S. Sell, Jr., Macon, Ga., Della Wager Wells, King & Spalding, Atlanta, Ga., for defendants-appellees.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HATCHETT, Circuit Judge, RONEY* and FAIRCHILD**, Senior Circuit Judges.

PER CURIAM:

In its recent opinion in this case (*Board of Public Education and Orphanage for Bibb County, et al. v. Lucas,* —— U.S. ——, 111 S.Ct. 2845, 115 L.Ed.2d 1013 (1991)), the Supreme Court of the United States stated:

The petition for a writ of certiorari is granted. The judgment is vacated and the case is remanded to the United States Court of Appeals for the Eleventh Circuit for the clarification of the jurisdiction issue presented by the Solicitor General in his brief for the United States, as *amicus curiae,* filed June 4, 1991.

The jurisdiction issue the Supreme Court refers to is presented in our opinion *Lucas*

*v. Townsend,* 908 F.2d 851, 858 (11th Cir. 1990), footnote 7. On remand, if the district court finds that the constitutional claims were waived, appellate jurisdiction in this court is proper because no claims will remain outstanding in the district court. On the other hand, if the district court finds that the constitutional claims have not been waived, it must resolve those claims and upon notification of this finding, this court will dismiss this appeal to allow further proceedings in the district court. Should the district court decide to enter a new order disposing of the section 2 claims and to make it final and appealable pursuant to Federal Rule of Civil Procedure 54(b) and the plaintiffs should again appeal, this court would consider the issue on the present briefs, supplemented as the parties may desire.

REMANDED TO THE DISTRICT COURT WITH INSTRUCTIONS.